NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO MENDEZ-RAMIREZ, | No. 22-1085 |
| Petitioner, | Agency No. A072-525-975 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025[**]
Submitted June 11, 2025

Before: BOGGS,[***] FRIEDLAND, and BRESS, Circuit Judges.

Rodolfo Mendez-Ramirez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying his application for cancellation of removal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

When the BIA, as here, references the IJ's decision, we consider both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's conclusion that Mendez-Ramirez's qualifying relative, his lawful permanent resident father, would not experience "exceptional and extremely unusual hardship" upon Mendez-Ramirez's removal from the United States, and therefore that Mendez-Ramirez is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.*

(quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at *7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In this case, substantial evidence supports the agency's determination that Mendez-Ramirez did not demonstrate the required hardship for purposes of cancellation of removal. The agency considered the hardship to Mendez-Ramirez's father, explaining that his father works part-time and does not receive any financial support from Mendez-Ramirez. Further, the agency considered that although Mendez-Ramirez's father has experienced health issues, he will continue to have access to health care in the United States, and he is not "solely or even primarily dependent upon" Mendez-Ramirez for support because he has four other children in this country and lives with his daughter in a different state than Mendez-Ramirez.

Given all these circumstances, substantial evidence supports the agency's conclusion that Mendez-Ramirez's father would not experience exceptional and extremely unusual hardship if Mendez-Ramirez is removed from the United States. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

**PETITION DENIED.**